UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JEREMIAH HALL, | ) | | |
|---|---|---|---|
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:04-CR-11-TWP-HBG-1 |
| | ) | | 3:16-CV-357-TWP |
| UNITED STATES OF AMERICA, | ) | | 3:04-CR-70-TWP-1 |
| | ) | | 3:16-CV-360-TWP |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's identical pro se motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [*Hall I*, Doc. 36; *Hall II*, Doc. 20].[1] He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 10, 2016 [*Hall I*, Doc. 39; *Hall II*, Doc. 23]; Petitioner replied in turn [*Hall I*, Doc. 41; *Hall II*, Doc. 24]. For the following reasons, Petitioner's identical § 2255 motions [*Hall I*, Doc. 36; *Hall II*, Doc. 20] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

In 2004, Petitioner and two accomplices committed a series of seven armed robberies in the Knoxville area [Presentence Investigation Report (PSR) ¶¶ 10–17]. Petitioner pled guilty to,

---

[1]   Petitioner was charged in two separate criminal cases, each involving one Count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence [E.D. Tenn. Case Nos. 3:04-cr-11-TWP-HBG-1 and 3:04-cr-70-TWP-1]. For purposes of clarity, all references to the first case [E.D. Tenn. Case No. 3:04-cr-11-TWP-HBG-1] will be denoted as *Hall I* and all references to the second case [E.D. Tenn. Case No. 3:04-cr-70-TWP-1] will be marked *Hall II*.

and was subsequently convicted of, two Hobbs Act robberies, in violation of 18 U.S.C. § 1951, and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [*Hall I*, Docs. 22–24; *Hall II*, Docs. 4, 6, 7]. This Court sentenced Petitioner to an aggregate term of 421 months' imprisonment—concurrent 37-month terms for the robberies and statutorily-mandated consecutive terms of 84 and 300 months for the § 924(c) offenses [*Hall I*, Doc. 27; *Hall II*, Doc. 12].

No direct appeal was taken and, as a result, the conviction became final for purposes of § 2255(f)(1) on December 6, 2004, at expiration of time to appeal. More than eleven years later—on June 20, 2016—Petitioner filed the instant petition for correction of his sentence in light of *Johnson* [*Hall I*, Doc. 36; *Hall II*, Doc. 20].

## II. ANALYSIS

Petitioner's argument appears to be that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby removing Hobbs Act robbery from the list of "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [*Hall I*, Doc. 36 (arguing that he is entitled to vacatur of his § 924(c) convictions); *Hall II*, Doc. 20 (same)].

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir.

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion,

2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, his Hobbs Act robberies remain crimes of violence capable of supporting the convictions under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's convictions for Hobbs Act robbery would remain crimes of violence under the provision because the offenses qualify under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §

---

involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in Johnson. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

924(c)(3)(A). Petitioner's convictions for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically fall within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

IV. **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [*Hall I*, Doc. 36; *Hall II*, Doc. 20] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of

4

the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                        s/ Thomas W. Phillips
                        SENIOR UNITED STATES DISTRICT JUDGE